650 S.E.2d 463

**In the Matter of William Glenn ROGERS, Jr., Respondent.**

Supreme Court of South Carolina.

Aug. 17, 2007.

## ORDER

The Office of Disciplinary Counsel has filed a petition asking this Court to place respondent on interim suspension pursuant to Rule 17(c), RLDE, Rule 413, SCACR, and seeking the appointment of an attorney to protect respondent's clients' interests pursuant to Rule 31, RLDE, Rule 413, SCACR.

IT IS ORDERED that respondent's license to practice law in this state is suspended until further order of the Court.

IT IS FURTHER ORDERED that Dennis N. Cannon, Jr., Esquire, is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain. Mr. Cannon shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Mr. Cannon may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain that are necessary to effectuate this appointment.

Mr. Cannon shall immediately turn over files relating to cases in which respondent provided representation as part of his duties as an employee of the Public Defender Corporation in Kershaw County to the Public Defender Corporation. For any of these files that involve pending matters, the Public Defender Corporation shall immediately assign these cases to other attorneys, notify the clients, and insure that a new attorney is substituted as counsel of record in the matter. Mr. Cannon shall not be required to give any notice to clients whose files are turned over to the Public Defender Corporation.

This Order, when served on any bank or other financial institution maintaining trust, escrow and/or operating accounts of respondent, shall serve as an injunction to prevent respondent from making withdrawals from the account(s) and shall further serve as notice to the bank or other financial institution that Dennis N. Cannon, Jr., Esquire, has been duly appointed by this Court.

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that Dennis N. Cannon, Jr., Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Cannon's office.

This appointment shall be for a period of no longer than nine months unless request is made to this Court for an extension.

IT IS SO ORDERED.

/s/Jean H. Toal, C.J.
FOR THE COURT