654 S.E.2d 538

**In the Matter of William Glenn ROGERS, Jr., Respondent.**

**No. 26403.**

Supreme Court of South Carolina.

Submitted Nov. 6, 2007.

Decided Dec. 10, 2007.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Douglas J. Robinson, of Camden, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a range of sanctions from a confidential admonition to a sixty day suspension pursuant to Rule 7(b), RLDE, Rule 413, SCACR. Respondent requests any suspension be made retroactive to the date

of his interim suspension.[1]   We accept the agreement and suspend respondent from the practice of law in this state for sixty days, retroactive to the date of his interim suspension.

## FACTS

Respondent, who was a public defender at the time, failed to appear for a case and another public defender picked the jury on his behalf.   Respondent appeared for trial the following day, but asked for a continuance on the grounds that he had been ill and was unprepared.   While respondent maintains he informed the solicitor he was ill, he failed to notify his client of the trial in the belief the case would be continued.   The trial judge found respondent in contempt and ordered respondent to pay the cost of the jury and write a written apology to the jurors.   Respondent fully complied with the order.   Respondent contends he did not notify the Office of Disciplinary Counsel of the finding of contempt because the sanctioning judge found respondent's conduct did not amount to an ethical violation, a contention the Office of Disciplinary Counsel states it has no reason to doubt since the matter was not reported by the sanctioning judge.

In this matter and three other matters, respondent failed to respond to the Office of Disciplinary Counsel's initial inquiries, *Treacy* letters,[2] and notices of full investigation.   Respondent maintains he failed to respond to the Office of Disciplinary Counsel because he was suffering from depression.   Respondent, who has been diagnosed as suffering from depression, has sought help from Lawyers Helping Lawyers, has signed a monitoring agreement with them and has been seeing a psychiatrist recommended by them as well.   In addition, respondent has since met with the Office of Disciplinary Counsel and provided information regarding the complaints against him, including the three additional complaints, which the Office of Disciplinary Counsel states it would have recommended dismissing if it had received the requested information from respondent.   Finally, respondent has fully cooperated with the

---

1.   Respondent was placed on interim suspension by order of this Court dated August 17, 2007.   *In the Matter of Rogers*, 375 S.C. 58, 650 S.E.2d 463 (2007).

2.   *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982).

Office of Disciplinary Counsel since being placed on interim suspension.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, keep the client reasonably informed about the status of the matter, and promptly comply with reasonable requests for information); and Rule 8.1(b) (a lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority).

Respondent also admits that he has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(3) (it shall be a ground for discipline for a lawyer to fail to respond to a lawful demand from a disciplinary authority including a request for a response); and Rule 7(a)(6) (it shall be a ground for discipline for a lawyer to violate the oath of office taken upon admission to practice law in this state).

## Conclusion

We find a sixty day suspension is the appropriate sanction for respondent's misconduct. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for sixty days, retroactive to the date of his interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.